**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Phillip Charles Aught, Jr.,

                       Plaintiff,

vs.

M. Roe, et al.,

                 Defendant.

**Case No. 2:25-cv-00854-RFB-MDC**

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 21) AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 22)**

Pro se plaintiff Phillip Charles Aught, Jr. filed a *Motion for Appointment of Counsel* ("Motion")(ECF No. 22) and a proposed amended complaint[1] (ECF No. 21). The Court has already granted plaintiff's IFP application and now screens his proposed amended complaint. After reviewing the proposed complaint, the Court **DISMISSES** his complaint without prejudice, and with leave to refile. The Court also **DENIES** his Motion without prejudice.

## I.      WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A.  Legal standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544

---

[1] The proposed amended complaint (ECF No. 21) supersedes plaintiff's earlier filed proposed amended complaint (ECF No. 19). See *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.")(citations omitted).

U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Plaintiff's Complaint**

Plaintiff brings civil rights claims against dozens of defendants, including judges and officials, for alleged violations of the First, Fourth, and Fourteenth Amendments, along with multiple additional claims. *ECF No. 21 at 2*. Plaintiff's complaint is difficult to follow, alleges a host of different unrelated events, and appears to be drafted with artificial intelligence. He appears to allege that over a period of many months, government officials coordinated together in a conspiracy to retaliate against him, starting with the police pulling him over multiple times, arresting him for no reason, and obstructing his ability to investigate their wrongdoing. *Id.* at 4-18.  Plaintiff's alleged conspiracy, however, is based on allegations of several unrelated events, that plaintiff alleges are somehow part of a wide-reaching conspiracy.  Plaintiff does not allege sufficient facts demonstrating a nexus or connection between the

various different events he alleges.  For example, in April 2025, he claims the police interfered with plaintiff's recording of police activity and declined to arrest a neighbor who threatened children with firearm. *Id.* at 4. He alleges that the police later obstructed his ability to complain about them and threatened to arrest him. *Id*. Plaintiff then goes on to allege completely separate and unrelated event occurring several weeks later where he  fired a gun at another car (in self-defense, he alleges) and the police retaliated against him by searching his car without a warrant and seized his gun. *Id.* at 7. Plaintiff then complains that the police took his weapon, refused to give it back, and then retaliated against him when he complained to other government officials.  He then alleges that the government officials to whom he complained refused to take action because  are part of a conspiracy against him. *Id.* at 8.

Plaintiff then goes on to allege another completely separate event regarding his attempts to make filings at the federal courthouse and claims the court staff were unhelpful and gave him wrong information.  He then alleges that the federal courthouse staff are also part of the larger conspiracy against him, which conspiracy he does not sufficiently identify. . *Id.* In yet another separate, unrelated event, plaintiff alleges that he  went to the state courthouse where he was suddenly arrested for no reason. *Id*. The remainder of plaintiff's complaint is made up further, unrelated events, including traffic stops, criminal proceedings against him, being detained at a state government building by security for no reason, and denied assistance by the State Bar of Nevada to his efforts to file ethical complaints against attorneys at the Clark County District Attorney's Office for refusing to press criminal charges. . In sum, Plaintiff's complaint is an omnibus statement of grievances arising out plaintiff's interactions with varying government entities and personnel under a host of differing circumstances.

**C.  Rule 8**

A complaint that is so confusing that its "true substance, if any, is well disguised' may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th

3

Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); see also *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory"). Pro se litigants are not exempt from following court rules. See generally *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 (9th Cir. 1997); see, e.g., *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (denying pro se litigant's motion to compel discovery due to untimely filed, improperly formatted interrogatories).

The amended complaint spans numerous incidents across different dates, facilities, and agencies, names dozens of defendants, and pleads broad conclusions without linking specific factual allegations to each defendant's personal acts and the elements of each claim. On its face, the Court finds that the amended complaint is so confusing, that it impedes fair notice and plausibility to the dozens of seemingly unrelated defendants. For example, many defendants are named by role or title (e.g., supervisors, risk management personnel, multiple marshals/officers) and plaintiff states conclusory facts without showing what each of the individual defendants personally did to violate plaintiff's rights. Plaintiff states that this is a civil rights case pursuant to Section 1983, which requires individualized allegations. If plaintiff amends, he must show what each defendant did and which particular claims each individual defendant violated. The Court finds that plaintiff did not comply with Rule 8 and this is grounds to dismiss plaintiff's complaint.

## D. Frivolous and Delusional

While the facts of the case appear to be based in reality, the vast underlying conspiracy plaintiff

alleges appears to be frivolous and delusional. "A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario." *Hoover v. Fedural Files Ct.*, No. 2:21-cv-02194-JAD-VCF, 2022 U.S. Dist. LEXIS 18720, at *3 (D. Nev. Jan. 31, 2002) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-30, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Plaintiff's overall allegation about the coordination and grand, overarching conspiracy between the different defendants is factually frivolous and delusional. The Court will nevertheless screen his complaint.

### E. Improper Joinder and the Same Transaction or Occurrence Requirement

Rule 20 of the Federal Rules of Civil Procedure governs the joinder of persons to a suit. With respect to defendants, it permits their joinder into one action when the right to relief arises out of the same transaction or occurrence, or out of a series of transactions or occurrences. See Fed. R. Civ. P. 20(a)(2)(A). In addition, common questions of law or fact must be present. See *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiffs' lawsuit is against dozens of seemingly unrelated defendants and incidents, which plaintiff alleges are related by a vast conspiracy. The Court has already found that the conspiracy is factually delusional, so what is left of plaintiff's complaint is a series of unrelated events. Defendants may be joined in one action only when the right to relief against them arises out of the same transaction or occurrence. See Fed. R. Civ. P. 20(a)(2)(A). In addition, common questions of law or fact must be present. See *Coughlin*, 130 F.3d at 1351. These claims do not appear to be related. To remedy this problem, if plaintiff chooses to amend the complaint, he must rid the complaint of unrelated claims leaving only ones that originated out of the same transaction, occurrence, or series of transactions or occurrences.

//

5

**F.  42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Section 1983 does not create substantive rights but instead "provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

Section 1983 claims may be brought against defendants in their official or personal capacities. *Hafer v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). If a plaintiff brings a claim against a defendant in that person's "official capacity," the real party in interest is the governmental entity and not the named official. *Id.* If a plaintiff brings a claim against a defendant in that person's "personal capacity," the plaintiff is "seek[ing] to impose individual liability upon a government officer for actions taken under color of state law." *Id.* at 25. The Eleventh Amendment bars damages actions against state officials in their official capacities. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). "[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (citing *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)).

**a.  Plaintiff's Fourth Amendment Claims**

The Fourth Amendment governs the reasonableness of government searches and seizures. See U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause ..."). "Under the Fourth Amendment, a seizure for a traffic stop is 'a relatively brief encounter,' 'more

6

analogous to a so-called Terry stop than to a formal arrest." *United States v. Harris*, 777 F. Supp. 3d 988, 1005 (D. Alaska 2025), citing to *United States v. Taylor*, 60 F.4th 1233, 1239 (9th Cir. 2023). In *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), the Supreme Court held that if an officer has reasonable articulable suspicion that a person is engaged in a crime, the officer may briefly detain that person to make a limited and appropriate inquiry. *Id.* at 21-22.

"There can be no dispute that temporary detention of individuals during the stop of an automobile by the police, even for a brief period, constitutes a "seizure" within the meaning of the Fourth Amendment and Article I, Section 7." *Bikle v. Davies*, No. 1:17-cv-00261-SOM-KJM, 2017 U.S. Dist. LEXIS 89298, at *4 (D. Haw. June 9, 2017), citing to *Whren v. United States*, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996) (traffic stop is seizure subject to the Fourth Amendment).

Claims involving arrest without probable cause, or a warrant are examined under Fourth Amendment standards. See *Albright v. Oliver*, 510 U.S. 266, 274-75, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). In *Albright*, the Court held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 273. The Fourth Amendment requires that law enforcement officers have probable cause to support an arrest. *Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010). An arrest is supported by probable cause if, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Id.* (citations omitted); see also *Illinois v. Gates*, 462 U.S. 213, 235, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) (The evidence only needs to support "the probability, and not a prima facie showing, of criminal activity."). The automobile exception to the Fourth Amendment allows police officers to search a vehicle without a warrant if they have probable cause to believe that it contains contraband. *See United*

*States v. Law*, 585 F. App'x 655, 656 (9th Cir. 2014), citing to *United States v. Ross*, 456 U.S. 798, 799-800, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982).

Plaintiff states that the police retaliated against him as part of a long-wielding conspiracy against him by pulling him over, for example in June 2025, to punish him for filing complaints against them. Plaintiff's vague allegations, which are conclusory in nature and without factual support, are insufficient to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. The police searched his car after he shot a gun at another car, which on its face appears to fall into the automobile exception to the Fourth Amendment. *Ross*, 456 U.S. at 799-800. Plaintiff has also generally stated that he has been arrested multiple times in retaliation (although he admits that he once shot a gun at another car) but he has otherwise done nothing wrong. These allegations do not meet the Rule 8 notice requirement. Plaintiff has not stated a Fourth Amendment claim.

### b.  First Amendment and Fourteenth Amendment Claims

A plaintiff making a First Amendment retaliation claim must allege "that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016)). "Substantive due process protects individuals from arbitrary deprivation of their liberty by [the] government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "[T]o establish a constitutional violation based on [Fourteenth Amendment] substantive due process, [a plaintiff] must show both a deprivation of her liberty and conscience-shocking behavior by the government." *Id.*

Plaintiff's First Amendment and Fourteenth Amendment claims are difficult to follow, but reading his complaint liberally, he appears to allege that law enforcement violated his First Amendment

right to file complaints against them when they retaliated against him by arresting him. Plaintiff's general allegations that the officials retaliated against him do not meet the requirements of Rule 8 because he has not shown any particular facts to show that his actions were a substantial or motivating factor in the defendants' conduct. For example, plaintiff admits that he fired a gun at another car, but he generally alleges that retaliation was the true reason why the police targeted him. Regarding any potential Fourteenth Amendment due process claims, plaintiff has failed to plead non-conclusory facts plausibly establishing a violation of his due process rights by persons acting under color of state law. Plaintiff's First and Fourteenth Amendment claims are therefore dismissed for failure to state a claim.

### c.  Municipal Liability

A municipality can be sued under section 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipal entity may be liable when its "policy or custom . . . inflicts the injury." *Id.* at 694. "[A] Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" *Bedford v. City of Hayward*, 2012, WL 4901434, at 12 (N.D. Cal. Oct. 15, 2012) (citation omitted); see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983.")."Monell allegations must be [pled] with specificity as

required under *Twombly* and *Iqbal.*" *Galindo v. City of San Mateo*, 2016 WL 7116927, at 5 (N.D. Cal. Dec. 7, 2016).

Municipal liability requires non-conclusory facts showing an official policy, custom, or failure to train that was the moving force. Plaintiff asserts customs, patterns, and failures to train by the Clark County defendants, the City of Las Vegas, and the Las Vegas Metropolitan Police Department, but he alleges them in generalized, formulaic terms not tied to specific policies causing particular injuries. The amended complaint fails to identify a particular policy that caused plaintiff's constitutional injury. The Court thus dismisses the municipal defendants because plaintiff has not stated a claim upon which relief can be granted.

### d.  Immunity from Suit

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, ... or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Brown v. Las Vegas Metro. Police Dep't*, No. 2:24-cv-00474-RFB-MDC, 2024 U.S. Dist. LEXIS 61194, at *3 (D. Nev. Apr. 2, 2024) (quoting *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)). Officers of the court enjoy a similar, quasi-judicial immunity. *See Meyers,* 812 F.2d at 1159 ("officers of the court… have absolute immunity in the performance of duties authorized by the statute."). There are two limitations to judicial immunity; judicial defendants are not immune from liability for actions outside the scope of their authority or jurisdiction. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

"[C]ourt employees performing quasi-judicial functions are entitled to absolute immunity[.]" *Shahrokhi ex rel. B.E.S. v. Throne*, No. 22-15978, 2023 U.S. App. LEXIS 27517, 2023 WL 6826753, at *1 (9th Cir. Oct. 17, 2023) (affirming dismissal of the self-represented plaintiff's action because "court

employees performing quasi-judicial functions are entitled to absolute immunity" and "judges are entitled to absolute judicial immunity for acts performed in their official capacity") (simplified). Qualified immunity protects government officials from civil liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Prosecutors are absolutely immune "for actions 'intimately associated with the judicial phase of the criminal process,' such as the prosecutor's initiation of a prosecution and presentation of the state's case." *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (quoting Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).  State prosecutors and district attorneys' offices are generally entitled to prosecutorial immunity. See *Nguyen v. Yolo Cnty. Dist. Att'y Off.*, No. 21-15698, 2022 U.S. App. LEXIS 2535, 2022 WL 260864, at *1 (9th Cir. Jan. 27, 2022) (affirming the district court's dismissal of the plaintiff's claims under 42 U.S.C. §§ 1983 and 1985, and state law).

Plaintiff sues Judge Matthew Walker and challenges rulings and in-court management during a trial, which on their face are judicial acts. Judicial acts are absolutely immune from liability. *ECF No. 21 at 11*. Similarly, the Court personnel, such as Pamela Jefferson and Hans Jessup who commented on evidence, he received related to the trial, were performing judicial or quasi-judicial functions are absolutely immune from damages for actions. Plaintiff's claims against prosecutors Bobby Anderlik and Julia Watson also include trial-level conduct, such as showing extended video evidence that he admits received during discovery through a subpoena. Regarding the other government officials, such as attorneys general, plaintiff has not pled any facts to put them on notice that their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. The Court finds that plaintiff has not stated claims against any of the government officials.

### e. Younger and Heck

"In Younger, the Supreme Court held that federal courts should abstain from staying or enjoining

pending state criminal prosecutions absent extraordinary circumstances." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37, 45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id*. Under *Heck*, a § 1983 action cannot be maintained by a plaintiff who has been convicted of a crime if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. See supra, *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Plaintiff states that he was arrested, but it is unclear if charges are still pending against him at this time. For example, plaintiff could be on bond awaiting trial. Plaintiff has not discussed in his amended complaint whether he has been convicted or shown that his sentence has been invalidated. Plaintiff merely alleges that he was arrested for no reason. Analysis under Heck is fact intensive, and plaintiff simply does not provide enough facts about his arrest and possible conviction under Heck to analyze whether this action is barred by Heck. Plaintiff has not, however, made any kind of a showing that his conviction has been overturned. Plaintiff's complaint also alludes to criminal proceedings, but he does not allege whether the criminal proceedings have concluded which is necessary under the Younger abstention doctrine. If plaintiff amends, he must clarify in his amendment (1) whether his criminal proceedings have concluded (including all appeals) and if he has been convicted, (2) whether his conviction has been overturned.

**G.  State Law Claims**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th Cir. 2009*). See also Ass'n of Am. Med. Coll. v. United* States, 217 F.3d 770 (9th Cir. 2000). Plaintiff alleges that this Court has federal question jurisdiction, but the Court

has dismissed his federal claims. The Court thus declines to exercise supplemental jurisdiction over his many state law claims at this time pursuant to 28 U.S.C.S. § 1367(c)(3). If plaintiff amends and can state a federal claim, the Court will screen his state law claims.

## II.    PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff's case has yet to pass the initial screening stage, so the Court cannot determine if there is a likelihood of success on the merits. Civil rights cases are frequently brought by pro se litigants, so the Court cannot determine if plaintiff is unable to articulate his claims in light of the complexity of the legal issues at this time. The Court thus denies plaintiff's Motion without prejudice. Plaintiff may refile his Motion if his case passes screening.

**IT IS SO ORDERED:**

1. Plaintiff's amended complaint (ECF No. 21) is **DISMISSED** without prejudice with leave to amend.

2. That plaintiff has until **August 3, 2026**, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

13

3. Plaintiff's *Motion for Appointment of Counsel* (ECF No. 22) is **DENIED without prejudice,** with leave to refile if plaintiff's case passes screening.

4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

5. All filings must include the following certification from plaintiff disclosing whether or not Artificial Intelligence (AI) was used to prepare or assist in preparing such filing: "I certify that Artificial Intelligence was [used / not used] to prepare the foregoing document." The certification must be included immediately above the signature line of any filed document. Failure to include such certification may result in sanctions.  Plaintiff is further cautioned that all parties have an obligation to check the accuracy, veracity, or even existence of a case or legal citation (or assertion of fact) created by an AI. All citations to authority or assertions of fact must be corroborated and comply with Fed. R. Civ. P. 11 and LR IA 7-3.  Submission of documents with false or non-existent facts or legal authorities generated by AI drafting tool may result in sanctions, including case terminating sanctions.

DATE: July 2, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

14

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**